The relief described hereinbelow is SO ORDERED.

Signed August 31, 2011.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

IN RE:

| | |
|---|---|
| **CRESCENT OIL COMPANY, INC., et al.,** | **Case No. 09-20258** |
| **Debtors-in-Possession.** | **Chapter 11** |

_____

**CRESCENT OIL COMPANY, INC., et al.,**
**Plaintiffs,**

**v.**                                    **Adv. No. 11-6076**

**PHILLIP NEAR, et al.,**
**Defendants.**

_____

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION TO DISMISS

Defendant Skoda Minotti moves to dismiss Counts 53 and 55 of the Complaint seeking to

avoid a pre-petition transfer under 11 U.S.C. §548(a)(1)(A) and the Kansas Uniform Fraudulent

Transfer Act (KUFTA), respectively.[1]  Plaintiffs Crescent Oil Company and the other Debtors

_____
[1]  Doc. No. 101.

11.08.30 Crescent v Near (Skoda Minotti) MTD.wpd

(collectively, "Debtors") seek to recover approximately $302,500 they allege Defendant Skoda Minotti received as part of Debtors' former ownership's alleged scheme to defraud creditors. Defendant's motion is denied.

### Background Facts as Alleged

Debtors filed for bankruptcy protection on February 7-8, 2009. Debtors owned, leased, sub-leased and bought and sold real property and equipment in the gasoline convenience store business. Debtors also bought and sold gasoline and related convenience store products in the Midwest and other locations. Pre-petition, Debtors attempted to sell the business to Titan Global Holdings, Inc., through a Stock Purchase Agreement (SPA). The sale ultimately failed even though Debtors closed the SPA. Debtors allege the purported sale to Titan was a scheme to benefit insiders at the expense of Debtors' creditors. Debtors allege the purpose of the SPA was to absolve Debtors' former ownership of responsibility for breaches of fiduciary duty. Debtors allege certain expenses associated with the SPA were paid by Debtors even though Debtors were not contractually obligated to pay them. The Skoda Minotti contract for accounting services is an alleged SPA expense paid by Debtors at the expense of Debtors' real creditors. Debtors were not a party to the Skoda Minotti contract, were not obligated to pay any amounts to Skoda Minotti, and received no consideration for the payments.

### Discussion

**A.  Motion to Dismiss Standard**

In considering a motion to dismiss, the Court accepts all well-pleaded factual allegations, as opposed to conclusory legal allegations, as true and construes them in the light most favorable

11.08.30 Crescent v Near (Skoda Minotti) MTD.wpd

to the plaintiff.[2]  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to state a plausible claim to relief.[3]  A claim is plausible when plaintiff pleads sufficient facts to allow the court to reasonably infer the defendant is liable for the alleged misconduct.  Still, the complaint need not contain detailed factual allegations; the allegations must be enough to raise a right to relief above the speculative level. The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.[4]

Complaints for avoiding fraudulent transfers under §548(a)(1)(A) and the KUFTA also have heightened pleading requirements under Fed R. Bankr. P. 7009.  Alleging fraud with Rule 9's required particularity means a plaintiff must plead  the circumstances of the alleged fraud to place the defendant on notice of the precise misconduct with which it is being charged and to safeguard the defendant against spurious charges of immoral and fraudulent behavior.[5]  Fraud allegations based "on information and belief" do not satisfy the heightened pleading required by Rule 9.

### B.    Allegations Required to Support a Claim under §548(a)(1)(A) and the KUFTA

To state a claim for the avoidance of a transfer based on actual fraud under either §548(a)(1)(A) or the KUFTA, a plaintiff must allege the debtor made the transfer with actual intent to hinder, delay, or defraud a creditor.  A plaintiff need only plead and prove the debtors'

---

[2]  *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180  (10th Cir. 1991).
[3]  *Ashcroft v. Iqbal,* – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[4]  *Near v. Crivello*, 673 F. Supp. 2d 1265 (D. Kan.  2009).
[5]  *In re Commercial Fin. Servs., Inc.,* 322 B.R. 440, 447-48 (Bankr. N.D. Okla. 2003).

-3-

intent to defraud. There is no pleading requirement of fraud on the part of the transferee.

Rather, the plaintiff must plead the requisite fraudulent intent with respect to each transfer

sought to be avoided and must connect the allegations against the defendant to the debtor's

scheme to defraud creditors. A trustee is entitled to some leeway in pleading actual intent

because such a plaintiff comes to the dispute with second-hand knowledge of the facts.[6]

Pleading badges of fraud may satisfy the particularity requirement. Those badges are:

(1) the transfer was to an insider; (2) the debtor retained possession or control of property

transferred after transfer; (3) the transfer was concealed; (4) before the transfer was made, the

debtor had been sued or threatened with suit; (5) the transfer was of substantially all of debtor's

assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of

consideration received by the debtor was reasonably equivalent to the value of the asset

transferred or the amount of obligation incurred; (9) the debtor was insolvent or became

insolvent shortly after the transfer was made; (10) the transfer occurred shortly before or shortly

after a substantial debt was incurred; and (11) the debtor transferred essential assets of the

business to a lienor who transferred the assets to an insider of the debtor.[7]

### C. Sufficiency of Plaintiffs' Allegations

Plaintiffs have adequately pled a cause of action under §548(a)(1)(A) and the KUFTA.

Plaintiffs claim Debtors' former management paid expenses associated with Skoda Minotti's

contract for accounting services with Titan even though Debtors were not so obligated.

Plaintiffs allege Debtors paid at least $302,500 to Skoda Minotti between November 2008 and

---

[6] *In re Allou Distrib., Inc.,* 387 B.R. 365, 400-401 (Bankr. E.D.N.Y. 2008).

[7] K.S.A. §33-204; *see also In re Agnew,* 355 B.R. 276, 285 (Bankr. D. Kan. 2006).

11.08.30 Crescent v Near (Skoda Minotti) MTD.wpd

January 2009.  The fraud alleged consists of a scheme directed by Debtors' former management to procure the benefits of an otherwise failing SPA for Debtors' insiders at the expense of Debtors' true creditors.  Plaintiffs' Complaint describes a specific injury, the legal theories upon which their claims are based, and allows the Defendant to prepare an effective answer or defense.  Accordingly, the allegations pled in support of the federal and state claims for actual fraudulent transfers suffice to meet the requirements of Rule 9(b).

## Conclusion

IT IS ORDERED the Defendant's motion to dismiss counts 53 and 55 of the Complaint is DENIED.

### ###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

11.08.30 Crescent v Near (Skoda Minotti) MTD.wpd